**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lydia Evanson, ) | No. CV-11-2306-PHX-FJM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Veolia Transportation Services, Inc., ) | |
| Defendant. ) | |

On April 19, 2012, following plaintiff's notice of bankruptcy, we entered an order staying all claims and notifying the parties that the claims would be dismissed on June 18, 2012, unless we were advised that the bankruptcy stay had been lifted, or a request for a lifting of the stay had not been ruled upon by the bankruptcy court (doc. 30). On May 31, 2012, we were notified that the bankruptcy court issued a minute entry indicating its intention to appoint a Chapter 11 trustee and continuing consideration of plaintiff's request for relief from the stay to July 12, 2012 (doc. 35).

A district court has the power to determine whether a proceeding before it falls within the scope of the automatic bankruptcy stay. Lockyer v. Mirant Corp., 398 F.3d 1098, 1106-07 (9th Cir. 2005). Generally, the automatic stay does not apply to pre-petition lawsuits initiated by the debtor. In re Merrick, 175 B.R. 333, 336 (B.A.P. 9th Cir. 1994) (recognizing that a stay applies to actions "against the debtor" or against "property of the estate") (citing

1  11 U.S.C. § 362(a)(1) and (3)); <u>In re Way</u>, 229 B.R. 11, 13 (B.A.P. 9th Cir. 1998) (policy
2  considerations behind automatic stay do not exist in actions brought by the debtor).  Because
3  this is a pre-petition action brought by the debtor, the automatic stay does not apply.
4  Accordingly, we vacate our April 19, 2012 order (doc. 30), and notify the parties that this
5  case will not be dismissed but instead will proceed in accordance with our Rule 16
6  scheduling order (doc. 17).

DATED this 8th day of June, 2012.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge